1  ZACCARO MORGAN LLP
2  THOMAS A. ZACCARO (CA SBN 183241)
   tzaccaro@zaccaromorgan.com
3  JENIFER Q. DOAN (CA SBN 271571)
4  jdoan@zaccaromorgan.com
   888 South Figueroa Street, Suite 400
5  Los Angeles, CA 90071-2228
6  Telephone: (213) 406-0710
   Facsimile: (213) 265-3141
7  Attorneys for Non-Parties and Intervenors
8  JENNIFER LI ZHAO and ALLY
   INVESTORS LLC
9

10

11                   **UNITED STATES DISTRICT COURT**

12                   **CENTRAL DISTRICT OF CALIFORNIA**

13

14

15  SECURITIES AND EXCHANGE         | Case No.: 15-07425-RGK-GJSX
    COMMISSION,
16                                  | *Assigned to the Hon. R. Gary Klausner*
17            Plaintiff,
                                    | **NON-PARTIES JENNIFER LI
18  v.                              | ZHAO AND ALLY INVESTORS'
                                    | NOTICE OF MOTION AND
19  STEVE CHEN, USFIA, INC., *et al.*| MOTION TO INTERVENE, TO
20            Defendants.           | DIRECT THE RECEIVER TO
                                    | RETURN ASSETS, AND TO
21                                  | CLARIFY ORDERS**
22
                                    | Hearing Date: December 21, 2015
23                                  | Hearing Time: 9:00 a.m.
24                                  | Courtroom: 850

25

26

27

28
    ─────────────────────────────────────────────────
    NOTICE OF MOTION AND MOTION TO INTERVENE, TO DIRECT THE RECEIVER TO RETURN FUNDS,
                           AND TO CLARIFY ORDERS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

PLEASE TAKE NOTICE THAT on December 21, 2015 at 9:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 850 of the above-entitled Court, the Honorable Judge R. Gary Klausner presiding, located at 255 East Temple Street, Los Angeles California 90012-3332, Non-Parties Jennifer Li Zhao and Ally Investors LLC ("Ally") (collectively, "Zhao Parties") will, and hereby do, move the Court to grant them intervention under Federal Rule of Civil Procedure 24(a)(2), to direct the Receiver Thomas A. Seaman ("Receiver") to release Ally's improperly seized assets, and to clarify its asset freeze orders ("Orders") to specifically exclude five accounts held by Ally and Ms. Zhao (the "Accounts") from the asset freeze, as they are not covered or contemplated by the Orders.[1]

This Motion is made on the grounds that:

1. This Motion to Intervene is timely because the Ms. Zhao and Ally's accounts were frozen less than two months ago, and Ally was not aware its accounts had been wrongfully seized by the Receiver until he filed his First Report and Recommendation ("Report") on November 13, 2015;

2. Ally and Ms. Zhao have significant protectable interests in this case as the combined amount of their frozen accounts is approximately $3.3 million, of which $3 million has been wrongfully seized by the Receiver;

---

[1] On September 28, 2015, the Court entered an Order Granting *Ex Parte* Application For Temporary Restraining Order and Orders (1) Freezing Assets; (2) Appointing a Receiver; (3) Prohibiting the Destruction of Documents; (4) Expediting Discovery; and (5) Requiring Accounting. *See* Dkt. No. 8. On October 6, 2015, the Court entered a Preliminary Injunction and Orders (1) Freezing Assets; (2) Appointing a Permanent Receiver; (3) Prohibiting the Destruction of Documents; and (4) Requiring Accounting. *See* Dkt. No. 13.

3. The disposition of the Action has impeded, and may continue to impede, their ability to access their accounts;

4. The existing parties to the Action inadequately represent Ally and Ms. Zhao;

5. The Receiver has improperly seized Ally's assets without any order from this Court, and without providing to Ms. Zhao or Ally any notice or opportunity to be heard in violation of their due process rights under the U.S. Constitution; Neither the Receiver nor the SEC has taken any steps to obtain an order from this Court authorizing the freezing of the Zhao Party's assets or the seizure of Ally's accounts, thereby requiring the Zhao Parties to intervene in this case in order to file this Motion; and

6. The Court should issue an order requiring the Receiver to return Ally's assets to Bank of America to preserve the status quo, and clarifying the asset freeze orders to exclude Ms. Zhao's and Ally's accounts until the SEC demonstrates an entitlement to have those accounts frozen.

///

///

///

- 2 -
NOTICE OF MOTION AND MOTION TO INTERVENE, TO DIRECT THE RECEIVER TO RETURN FUNDS, AND TO CLARIFY ORDERS

1      This Motion is made following an in-person conference of counsel pursuant
2  to Local Rule 7-3, which took place on November 12, 2015. The Motion is based
3  on this Notice, the Memorandum of Points and Authorities in Support of the
4  Motion, the Declarations of Jennifer Li Zhao and Thomas A. Zaccaro, the
5  [Proposed] Order, the pleadings and papers on file with this Court, and on such
6  argument to be presented on the hearing of the Motion.

DATED: November 23, 2015   ZACCARO MORGAN LLP
                                          THOMAS A. ZACCARO
                                          JENIFER Q. DOAN

                                          By:    /s/ Thomas A. Zaccaro
                                                    THOMAS A. ZACCARO

                                          Attorneys for Non-Parties and Intervenors
                                          JENNIFER LI ZHAO and ALLY INVESTORS LLC