# EXHIBIT C

| | |
|---|---|
| **Subject:** | Re: SEC v. Chen/Jennifer Zhao |
| **Date:** | Monday, October 26, 2015 at 6:35:47 PM Pacific Daylight Time |
| **From:** | Thomas Zaccaro |
| **To:** | Zaro, David |
| **CC:** | Fates, Ted |
| **Attachments:** | image002.png, image003.png, image004.jpg, 34615D06-D086-4B09-B850-AD02848574CC[77].png |

David,

Thank you for your response.  I am happy to discuss this issue with you, but am also reluctant to try to prove a negative — *i.e*, that my client's accounts are not subject to the asset freeze.  If you have evidence that the accounts should be subject to the asset freeze, then I again request that you provide it to us.  Otherwise, we will deal directly with Bank of America.  Moreover, even if any of the defendants transferred funds to Ally Investors, as you suggest, those transfers are not a basis to freeze the accounts under the asset freeze order.   Let's discuss live.

I am also happy to discuss Amkey Global.  We are uncertain what the receiver intends to do with the company.  If the receiver wants information to determine whether to return control of the company to Mr. Chen, then we are happy to discuss that process.  If the receiver intends to operate the business himself for the benefit of the estate, then Mr. Chen may be interested in acquiring some of its inventory but does not plan to have further involvement in the company.


Thomas A. Zaccaro
Zaccaro Morgan LLP
888 S. Figueroa Street, Suite 400
Los Angeles, CA  90017
Tel.:  (213) 406-0712
Fax:  (213) 265-3141
Cell:  (213) 284-4735
tzaccaro@zaccaromorgan.com
www.zaccaromorgan.com



PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) from Zaccaro Morgan LLP is for the exclusive use of the intended recipient(s) and may contain confidential and privileged information.  If you are not the intended recipient, please do not read, distribute, or take action in reliance upon this message.  If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system.  Please be advised that no privileges are waived by the transmission of this message.

**From:** "Zaro, David" <dzaro@allenmatkins.com>
**Date:** Monday, October 26, 2015 at 5:34 PM
**To:** Thomas Zaccaro <tzaccaro@zaccaromorgan.com>
**Cc:** "Fates, Ted" <tfates@allenmatkins.com>
**Subject:** RE: SEC v. Chen/Jennifer Zhao

Hi
I have been stuck on a number of calls this afternoon but I wanted to let you know before I had to leave the office that the Receiver is actively seeking additional information concerning these accounts. As you know, the Receiver did not freeze the accounts and obviously the Bank did so because it believed that the TRO and the PI order covered the accounts.  In my experience, the Banks are very careful and do not simply freeze account based on intuition.
The information obtained by the Receiver as of today tends to support the freeze on the accounts and the connection to the overall enterprise.  In light of your demands,  the Receiver is seeking additional information from the SEC, the Banks and the books and records of the Receivership Entities.  Receipt of the signature cards for the accounts, the bank account records and the accounting information concerning the transfer of funds to the Ally and Ms. Zhao will certainly help the Receiver address your request.  The Receiver is contacting the Bank directly in an effort to obtain this information but it would expedite matters if you clients will simply provide this information to the Receiver directly as it may take time for the Bank to respond to the Receiver and for the Receiver to review the accounting  and bank records.  As I also mentioned in my prior email and voicemail, information concerning Ally Investors would also be helpful in evaluating your assertion that the Bank of America wrongly froze that account.

On another note, Tom Seaman says that when he met with Mo Chen, Mr Chen said he was going to provide Tom with some information regarding Amkey Global. Tom is concerned with preserving the value of that enterprise, assuming it has any. Can you help us with this?  If this is to be a going concern, Mr. Chen needs to provide Mr. Seaman with P & L information to support his contention that this is a viable going concern.  Please let us know when we can expect this information.  I will be back into the office tomorrow morning, if you have time to discuss the forgoing.
Regards
David