# EXHIBIT H



THOMAS A. ZACCARO
PARTNER
TEL NO.: (213) 406-0712
tzaccaro@zaccaromorgan.com

November 16, 2015

**BY EMAIL**

Donald Searles, Esq.  
Peter DelGreco, Esq.  
U.S. Securities and Exchange Commission  
444 S. Flower Street  
Los Angeles, CA  90071

David Zaro, Esq.  
Ted G. Fates, Esq.  
Allen Matkins Leck Gamble Mallory & Natsis LLP  
515 South Figueroa Street, 9th Floor  
Los Angeles, California 90071-3309

Re:  *SEC v. Steve Chen, et al., CV15-07425 RGK (GJSx)*

Dear Counsel:

I am writing on behalf of Jennifer Zhao regarding the above-referenced matter.

On Thursday, November 12, 2015, we conducted an in-person conference of counsel pursuant to Local Rule 7.3 in connection with Ms. Zhao's anticipated motion for an order directing Bank of America to release the following accounts held in Ms. Zhao's name or in the name of Ally Investors LLC ("Accounts"):

| Account No. | Account Holder |
| --- | --- |
| 000153374232 | UTMA Account for David Chen Li Zhao (Jennifer Zhao is the sole custodian) |
| 000153467748 | Ally Investors LLC |
| 325058386448 | Ally Investors LLC |
| 000153968387 | Ally Investors LLC |
| **********65G9 | Safe deposit box (held by Jennifer Zhao) |

During the conference, neither the SEC nor the Receiver's counsel took the position that the Accounts are specifically identified in the asset freeze provisions in either the temporary restraining order ("TRO") or preliminary injunction ("PI"), or "held in the name of, for the benefit of, or over which account authority is held by" any of the defendants in



November 16, 2015
Page 2

this case.  Accordingly, the Accounts are not subject to the Court's asset freeze orders.  Nonetheless, the SEC and the Receiver would not agree to instruct Bank of America to release the funds contained in the Accounts.

The Receiver's counsel asserted during our conference that the Receiver purportedly has identified certain transfers of funds from the defendants and/or receivership entities to certain of the Accounts as a basis for freezing the accounts.  However, the Receiver's counsel could not identify the amount of the transfers or the Account(s) into which such transfers were supposedly made.  In addition, even if such transfers were made, they do not justify the freezing of the Accounts under the present asset freeze orders.

We also requested that the Receiver's counsel to withdraw its November 4, 2015 letter to Bank of America directing it to maintain the freeze of the Accounts, but the Receiver's counsel refused to do so.  We advised the Receiver's counsel that we view the letter as an intentional interference with Ms. Zhao's right of possession of the Accounts, particularly given that the Receiver cannot articulate any basis for freezing the accounts under the existing TRO or PI.  As we advised during the conference, Ms. Zhao will pursue all appropriate remedies if the Receiver persists in its improper interference with the Accounts.

We informed the SEC and the Receiver's counsel that Ms. Zhao relies on these accounts for her and her son's living expenses and her inability to access her funds is causing her significant financial hardship.  The SEC inquired as to the amount of Ms. Zhao would need to cover her ongoing living expenses.  In response to this inquiry, we request that the SEC and the Receiver stipulate to the release of $250,000 from the Ally Investors accounts to defray Ms. Zhao's living expenses and her attorneys' fees in this action.

Thank you in advance for your anticipated cooperation.

Very truly yours,

Thomas A. Zaccaro
ZACCARO MORGAN LLP