# EXHIBIT I



THOMAS A. ZACCARO
PARTNER
TEL NO.: (213) 406-0712
tzaccaro@zaccaromorgan.com

November 20, 2015

**BY EMAIL**

Donald Searles, Esq.
Peter DelGreco, Esq.
U.S. Securities and Exchange Commission
444 S. Flower Street
Los Angeles, CA  90071

David Zaro, Esq.
Ted G. Fates, Esq.
Allen Matkins Leck Gamble Mallory & Natsis LLP
515 South Figueroa Street, 9th Floor
Los Angeles, California 90071-3309

Re:  *SEC v. Steve Chen, et al., CV15-07425 RGK (GJSx)*

Dear Counsel:

In its November 13, 2015 First Report and Recommendations ("Report"), the Receiver Thomas A. Seaman ("Receiver") states that, at the Receiver's direction, Bank of America ("BOA") "has turned over to the Receiver a total of $3,034,930.10 that was in accounts under the name of Ally Investors LLC."  (Report, at 6:9-10.)

We strongly object to the Receiver's improperly seizing Ally Investors' assets, particularly without notice to Ally Investors or a determination by the Court that the assets should be frozen, let alone seized by the Receiver.  The Receiver's purported basis for seizing those assets is its speculative allegation that Ally Investors is an "affiliate" of the receivership entities (Report, at 6:21-22), which is untrue and unsupported by any evidence in the Report or in any other pleadings filed by the SEC or the Receiver in this case.

The Receiver apparently believes it can seize the property of non-parties without due process and without seeking Court approval.  This is particularly troubling given that we met with you in person on November 12, 2015 in a Local Rule 7.3 meeting and informed you that Ally Investors disputed the apparent freeze of its accounts.  You represented that BOA acted on its own and that neither the SEC nor the Receiver was responsible for BOA's action, *even though the Receiver had already taken action to seize those accounts*.  Equally troubling is that fact that, while the purpose of the meeting was for the parties to meet *in good faith* to discuss Ally Investors' anticipated motion to obtain clarification as to whether the Court's asset freeze orders apply to their accounts, counsel for the Receiver and the SEC failed to disclose to us the Receiver's unilateral seizure of Ally Investors' assets.



November 20, 2015
Page 2

Other portions of the Receiver's report are also untrue. Ms. Zhao is not Mr. Chen's wife, a statement included in the report apparently for sensational purposes. The report further unnecessarily identifies Ms. Zhao's thirteen year-old son by name, unfairly subjecting a child to the intense media scrutiny this case has drawn. Indeed, I am informed that photographers were outside Ms. Zhao's home this morning.

The report also falsely asserts that counsel for the Receiver "has asked counsel for Zhao and Ally to explain the nature and purpose of the transfers to Zhao and Ally." (Report, 6:27-28.) As you well know, despite our repeated requests, the Receiver has not even identified to us any transfers from Steve Chen or any of the receivership entities to Ms. Zhao or Ally Investors, let alone asked for an explanation of the nature and purpose of the transfers. And, when I offered to produce Ally Investors' bank records to the Receiver, Mr. Zaro informed me that production was unnecessary because the Receiver had already received those documents from BOA.

Since the Receiver apparently believes it can unilaterally seize the assets of non-parties in violation of their constitutional due process rights, we intend to bring this matter to the Court's attention. Meanwhile, we demand that the $3,034,930.10 improperly seized from Ms. Zhao's accounts be segregated from the Receiver's other accounts and returned to BOA until the Court rules on Ms. Zhao's motion.

Very truly yours,

Thomas A. Zaccaro
ZACCARO MORGAN LLP