# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 15-07425 RGK (JPRx) | Date | April 8, 2016 |
|---|---|---|---|
| Title | *SEC v. Steve Chen et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams (Not Present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  (IN CHAMBERS) Order re: Defendant Steve Chen's Motion for Temporary Stay of Discovery and All Proceedings (DE 49)

## I.  INTRODUCTION

On September 28, 2015, the Securities and Exchange Commission (the "SEC") filed the present action against Steve Chen ("Chen") and others (collectively, "Defendants"), alleging claims for violations of federal securities laws. That same day, this Court entered a Temporary Restraining Order ("TRO"), freezing Defendants' assets and appointing a Receiver to oversee the process.

On October 6, 2015, Chen consented to a Preliminary Injunction, including an asset freeze and permanent appointment of the Receiver over Chen's accounts and any of his subsidiary or affiliate accounts ("Receivership Entities").

Presently before the Court is Defendant Chen's Motion for Temporary Stay of Discovery and All Proceedings. For the following reasons, the Court **DENIES** Chen's Motion.

## II.  FACTUAL BACKGROUND

On September 17, 2015, Arcadia Police Department interviewed Chen about complaints from disgruntled investors who felt they had been defrauded by Chen. All evidence pertaining to that interview has since been turned over to the FBI in an ongoing investigation into Chen's alleged securities fraud. (Miller Decl. ¶4, ECF No. 50.)

On September 28, 2015, the Securities and Exchange Commission (the "SEC") filed the present action against Steve Chen ("Chen") and others (collectively, "Defendants"), alleging claims for

violations of federal securities laws. That same day, this Court entered a Temporary Restraining Order ("TRO"), freezing Defendants' assets and appointing a Receiver to oversee the process. The Complaint alleges that Chen, through his business, was operating a pyramid scheme that sold amber-mining investments and the opportunity to invest in virtual currency called "Gemcoin."

On September 29, 2015, U.S. Marshals and the Arcadia Police raided the offices of USFIA, one of Chen's affiliated company offices. FBI Special Agent Clint Wilmsen purported to serve Chen with grand jury subpoenas as Custodian of Records for a number of corporate entities, most of which are alleged to be wholly-owned by Chen. (Miller Decl. ¶5, ECF No. 50.) These grand jury subpoenas involve subject matter at the core of the civil enforcement action. (Miller Dec. ¶5, ECF No. 50.)

Counsel for Chen have also learned that former USFIA employees and distributors have been interviewed by an IRS criminal investigator and FBI agent Wilmsen. (Miller Decl. ¶6, ECF No. 50.) On January 28, 2016, Chen's counsel had a phone call with Assistant United States Attorney Rich Robinson in which he confirmed that Chen is a "focus" of the ongoing criminal investigation.

Given the overlap between the SEC's civil action and the United States Attorney's Office ("USAO") criminal investigation, on November 5, 2015, Chen was compelled to assert his Fifth Amendment privilege in response to the SEC's request for an accounting of his personal assets. (ECF No. 17.) Likewise, on November 20, 2015, Chen filed an Answer in which he invoked his Fifth Amendment privilege not to be compelled to testify against himself. (ECF No. 24.)

## III.   JUDICIAL STANDARD

"While a district court may stay civil proceedings pending the outcome of parallel criminal proceedings, such action is not required by the Constitution." *Federal Sav. and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

## IV.   DISCUSSION

When deciding whether to stay civil proceedings pending parallel criminal proceedings, a court should consider several factors, including: (1) extent to which defendant's Fifth Amendment rights are implicated, (2) potential prejudice to plaintiff, (3) judicial resources saved by avoiding duplicative litigation, (4) interests of those not party to the civil litigation, and (5) interest of the public in the pending civil and criminal litigation. *Molinaro*, 889 F.2d at 902-903.

### A.   Chen's Fifth Amendment Rights

"In deciding whether to proceed with the [civil proceeding], the extent to which the defendant's Fifth Amendment rights are implicated is a significant factor for the [court] to consider, but it is only one consideration to be weighed against others." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995). "Courts have recognized that there is a strong case in favor of a stay after a grand jury returns a criminal indictment and where there is a large degree of overlap between the facts involved in both cases." *Roberts v. Brown*, No. 2:13-CV-07461, 2014 WL 3503094, at *2 (C.D. Cal. July 14, 2014). "However, '[t]he case for staying civil proceedings is a far weaker one when no indictment has been returned, and no Fifth Amendment privilege is threatened.'" *Christian v. Rutkowski*, No. 214CV08924, 2015 WL 5456600, at *2 (C.D. Cal. Sept. 17, 2015).

Currently, no indictment has been returned against Chen, and he cannot point to any concrete evidence that a criminal prosecution is imminent. While it is true that the FBI has served grand jury

subpoenas on Chen and the USAO has indicated that he is the focus of an investigation, these facts alone do not indicate whether a criminal proceeding is impending. Likewise the mere fact that the subject matter of the criminal investigation overlaps with the issues in the SEC civil proceeding does nothing to show that a criminal prosecution is forthcoming.

Accordingly, Chen has made a weak showing that his Fifth Amendment rights are threatened.

### B.      The Remaining Factors

The remaining factors militate against granting a stay.

First, the SEC, Plaintiff in this case, has a strong interest in proceeding expeditiously to protect investors and remedy violations of the securities laws. *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1377 (D.C. Cir. 1980).

Second, judicial economy weighs against granting a stay because no judicial resources will be saved given that there is no parallel criminal proceeding. Moreover, there is no way to reliably ascertain when, if ever, an indictment will be returned against Chen, meaning that a stay would effectively thrust the Court into an indefinite state of limbo. *Gen. Elec. Co. v. Liang*, No. CV 13-08670, 2014 WL 1089264, at *6 (C.D. Cal. Mar. 19, 2014) (explaining that judicial efficiency is not served where "no indictment has been returned and 'there is no way to predict when the criminal investigation [will] end'").

Third, the interests of non-parties also weighs against granting a stay. Here, investors and the general public will benefit if the SEC enforcement action proceeds through discovery to recover funds allegedly acquired through fraud. Chen rebuts by claiming that any prejudice to these non-parties can be cured through restitution if he is ultimately convicted. Chen's argument fails, as no indictment has been returned, rendering a potential conviction entirely speculative.

Finally, the public interest would be served by allowing the SEC to swiftly resolve the civil proceeding. Chen retorts by arguing that public policy favors resolution of criminal matters before parallel civil actions. This may be true, but as things currently stand, there is no criminal proceeding against Chen. Thus, the Court rejects his argument.

## IV.      CONCLUSION

Based on the foregoing, the Court **DENIES** Chen's Motion to Stay Proceedings.


**IT IS SO ORDERED.**


                                                            _____ : _____


                                        **Initials of Preparer**            _____