DONALD W. SEARLES Cal. Bar No. 135705
Email: searlesd@sec.gov
PETER DEL GRECO Cal. Bar No. 164925
Email: delgrecop@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
John W. Berry, Regional Trial Counsel
444 South Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>STEVE CHEN, USFIA, INC., ALLIANCE FINANCIAL GROUP, INC., AMAUCTION, INC., ABORELL MGMT I, LLC, ABORELL ADVISORS I, LLC, ABORELL REIT II, LLC, AHOME REAL ESTATE, LLC, ALLIANCE NGN,INC., APOLLO REIT I, INC., APOLLO REIT II, LLC, AMKEY, INC,, US CHINA CONSULTATION ASSOCIATION, and QUAIL RANCH GOLF COURSE, LLC<br><br>Defendants. | **Case No. 2:15-cv-07425-RGK-KSx**<br><br>**JOINT REPORT BY PLAINTIFF SECURITIES AND EXCHANGE COMMISSION AND DEFENDANTS STEVE CHEN, *ET AL* PURSUANT TO FED. R. CIV. P. 26(f) and L.R. 26-1**<br><br>Date: April 18, 2016<br>Time: 9:00 a.m.<br>Place: Courtroom of the Hon. R. Gary Klausner |

Plaintiff Securities and Exchange Commission ("SEC") and Defendants Steve Chen ("Chen"), USFIA, Inc., Alliance Financial Group, Inc., Amauction, Inc., Aborell Mgmt. I, LLC, Aborell Advisors, LLC, Aborell Advisors I, LLC, Aborell REIT II, LLC, Ahome Real Estate, LLC, Alliance NGN, Inc., Apollo REIT I, Inc., Apollo REIT II, LLC, Amkey, Inc., US China Consultation Association, and Quail Ranch Golf Course, LLC. ("Entity Defendants") (collectively "Defendants") submit this Joint Report pursuant to Fed. R. Civ. P. 26(f) and L.R. 26-1, following conference of counsel on March 28, 2016.[1]

1. Timing of Initial Disclosures.

As the Court denied Chen's Motion for Temporary Stay of Discovery and All Proceedings (the "Motion to Stay") (Dkt. No. 49) on April 8, 2016, and at Chen's request, to which the SEC has no objection, the parties jointly propose that the deadline for initial disclosures be extended until April 22, 2016, which is fourteen (14) days after the Court's ruling on the Motion to Stay.

2. Subjects, Timing and Phases of Discovery.

a. SEC's Position: The SEC proposes that all discovery in this matter, including expert discovery, be completed by November 18, 2016. Discovery will be needed on all factual allegations in the Complaint, as well as on all affirmative defenses set forth in Chen's answer to the Complaint. Discovery need not be done in phases or limited to or focused upon particular issues, and the methods of discovery may be used in any sequence. The SEC specifically objects to Chen's proposal that discovery be conducted in phases, with discovery of Chen being conducted last. Assuming Chen decides to testify substantively, his testimony might well point to the need to take other or further discovery. The SEC is entitled to depose Chen and he may well have to choose between testifying and asserting his Fifth Amendment rights, a choice he has previously

---

[1] Counsel for the court-appointed receiver and for non-party interveners Jennifer Li Zhao and Ally Investors LLC (Dkt. No. 38), also participated in the conference of counsel.

1

made in his Answer to the Complaint in this action, where he asserted his Fifth Amendment privilege in response to every substantive allegation in the Complaint. The SEC's complaint was filed on September 28, 2015, yet discovery has been on hold until March 29, 2016, the date of the parties Rule 26(f) conference.

   b. <u>Chen's Position</u>:  Chen's position is that, given the wide breadth of the allegations in this case, and the conflicting interests raised by the matters addressed in the Motion to Stay, a November 2016 discovery cut-off is not realistic.  Chen proposes that fact discovery in this matter be completed by January 20, 2017, and expert discovery be completed by April 14, 2017.  In the event that any discovery of Chen is permitted or compelled in this action, Chen further proposes that discovery should be conducted in phases, with discovery of Chen being conducted last, in order to mitigate the substantial burden any such discovery will impose on Chen's Fifth Amendment rights.

   c. <u>Zhao's Position</u>:  Ms. Zhao contemplates taking limited discovery and believes that such discovery can be completed by whatever date to which the parties agree or the Court orders.

  3. <u>Electronically Stored Information</u>.  The parties agree to exchange all relevant, non-privileged electronically stored information.  The parties recognize their duty to preserve all relevant electronically stored information.  The parties recognize that much of the electronically stored information relevant to this action is under the custody and control of the court-appointed receiver, and that pursuant to the Preliminary Injunction Order entered in this action, that representatives of the SEC, and any other government agency, are authorized to have continuing access to inspect or copy any or all of the corporate books and records of the Entity Defendants, and continuing access to inspect their funds, property, assets and collateral, wherever located, within the SEC's jurisdiction. Dkt. No. 13.  Given that neither Chen nor counsel for the court-appointed receiver has waived their attorney-client privilege, the parties further recognize and agree that the SEC may not inspect or copy any corporate books and records of the Entity Defendants or Chen that are protected from disclosure by the attorney-client privilege or

other applicable privileges (the "Privileged Materials"). If the SEC has inspected or copied any Privileged Materials to date, counsel for Chen requests that counsel for the SEC promptly disclose this fact to the parties and the Court, so that the parties may take appropriate remedial measures.

In addition, Chen has requested that the receiver preserve all amber or gem stones seized from the Entity Defendants, including any pieces used in valuation reports, as well as all supporting documentation and communications.

4.     Privilege Issues.

Chen has previously invoked his Fifth Amendment right not to be compelled to testify against himself in this action. *See*, *e.g.*, Dkt. Nos. 17, 24. Counsel for Chen anticipates that Chen will likely continue to invoke his Fifth Amendment rights should any discovery of Chen be permitted in this action.

The SEC notes that, in his answer to the Complaint, Chen asserted eleven affirmative defenses, including good faith reliance on legal professionals. Dkt. No. 24 (Fourth Affirmative Defense). To the extent Chen continues to rely on such a defense, the SEC's position is that it will seek discovery of any otherwise privileged communications relied upon by Chen in support of this affirmative defense, to the extent permissible by law.

In addition, the parties understand that the court-appointed receiver currently has custody and control of documents and electronically stored information which are protected by the Entity Defendants' attorney-client privileges. The parties further understand that the court-appointed receiver, as the successor in interest to the Entity Defendants, now holds the privilege for the Entity Defendants and may wish to waive the privilege in the future. The parties anticipate that there may be a dispute regarding waiver by the receiver that may necessitate motion practice.

Similarly, counsel for Chen contends that the court-appointed receiver currently has custody and control of documents and electronically stored information which are protected by Chen's attorney-client privilege, as well as documents and electronically

3

stored information which are protected by both Chen and the Entity Defendants' attorney-client privileges. Counsel for Chen anticipates that, should either Chen or the receiver attempt to waive the attorney-client privilege as to documents or communications that Chen contends are currently jointly privileged as to Chen and the Entity Defendants, or should the court-appointed receiver attempt to waive the attorney-client privilege as to documents or communications that Chen contends are protected by Chen's attorney-client privilege (or any other applicable privilege), a dispute may arise concerning the authority for or scope of any such waiver that may necessitate related motion practice.

5. Changes in the Limitations on Discovery.

 a. SEC's Position: The SEC does not intend to seek any changes in the limitations on discovery. As previously stated, the SEC specifically objects to Chen's proposal that discovery be conducted in phases, with discovery of Chen being conducted last.

 b. Chen's Position: Chen reserves the right to seek a protective order concerning any discovery of Chen in this matter. As set forth above, Chen proposes that, should any discovery of Chen be compelled or permitted in this action, such discovery should be limited in scope and should only take place after discovery of all other parties and witnesses has been completed.

 c. Zhao's Position: Ms. Zhao does not intend to seek any changes in the limitations on discovery at this time.

6. Other Orders. None.

The parties submit the following pursuant to L.R. 26-1:

 a. Complex Cases. The parties agree that this is not a complex case and the procedures of the Manual for Complex Litigation need not be utilized.

 b. Motion Schedule.

  i. SEC's Position: The SEC proposes December 16, 2016 as the deadline for filing all dispositive motions, and January 20, 2017 as the last day to hear all

dispositive motions.  These dates shall not preclude the SEC from filing dispositive motions on an earlier date.

          ii.  <u>Chen's Position</u>:  Due to the wide breadth of allegations in this case, and the conflicting interests raised by the matters addressed in the Motion to Stay, Chen proposes May 26, 2017 as the deadline for filing all dispositive motions, and June 30, 2017 as the last day to hear all dispositive motions.

          iii.  <u>Zhao's Position</u>: Ms. Zhao believes, given the complexity of this case and the number of foreign witnesses, deadlines of May 26, 2017 for filing all dispositive motions and June 30, 2017 for hearing all dispositive motions are more reasonable.

    c.    <u>Settlement</u>.  The parties agree on ADR Procedure No. 1.  Chen is also amenable to ADR Procedure No. 3.  The parties will file a statement to that effect on or before April 11, 2016, as required by the Order Setting Scheduling Conference.

    d.    <u>Trial estimate</u>.

          i.  <u>SEC's Position</u>:  The SEC estimates that the trial will require eight court days (four days per side).

          ii.  <u>Chens' Position</u>:  Chen estimates that the trial will require two weeks (10 court days).  Chen proposes that trial commence no earlier than 120 days after the deadline for completion of expert discovery.

          iii.  <u>Zhao's Position</u>: Ms. Zhao takes no position as to the length of the trial between the SEC and Chen.  Ms. Zhao believes that trial with respect to any claims that may be brought by the Receiver or the SEC against her will require 5 court days.

    e.    <u>Additional Parties</u>.  The parties do not anticipate any additional parties in this case.

    f.    <u>Expert Witnesses</u>.

          i.  <u>SEC's Position</u>:  The SEC proposes that the parties

simultaneously disclose expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) no later than October 7, 2016, and exchange any rebuttal expert reports no later than October 24, 2016.

    ii. <u>Chen's Position</u>: Chen proposes that the parties simultaneously exchange expert reports no later than March 10, 2017 and exchange any rebuttal expert reports no later than March 24, 2017.

    iii. <u>Zhao Position</u>: Ms. Zhao does not anticipate designating any experts at this time.

Dated: April 11, 2016

    */s/ Donald W. Searles*
    DONALD W. SEARLES
    PETER DEL GRECO
    Attorneys for Plaintiff
    Securities and Exchange Commission

Dated: April 11, 2016    Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By:     */s/ Paul S. Chan*
    Paul S. Chan
    Attorneys for Defendant Steve Chen

DATED: April 11, 2016    ZACCARO MORGAN LLP

By: *ABC/s/ Thomas A. Zaccaro*
    THOMAS A. ZACCARO
    Attorneys for Non-Party
    Li Zhao and Ally Investors LLC

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On April 11, 2016, I caused to be served the document entitled **JOINT REPORT BY PLAINTIFF SECURITIES AND EXCHANGE COMMISSION AND DEFENDANTS STEVE CHEN, *ET AL* PURSUANT TO FED. R. CIV. P. 26(f) and L.R. 26-1** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: April 11, 2016    */s/ Amanda Liston*

                                                Amanda Liston

**SEC v. STEVE CHEN, et al.**
**United States District Court—Central District of California**
**Case No. 2:15-cv-07425-RGK-PLA**

**SERVICE LIST**

Jeremy D. Matz, Esq. **(served by CM/ECF only)**
Kimberley M. Miller, Esq. **(served by CM/ECF only)**
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067-2561
Email: pchan@birdmarella.com
Email: jmatz@birdmarella.com
Email: kmiller@birdmarella.com
*Attorneys for Defendant Steve Chan*

David R. Zaro, Esq. **(served by CM/ECF only)**
Ted Fates, Esq. **(served by CM/ECF only)**
Tim C. Hsu, Esq. **(served by CM/ECF only)**
Allen Matkins Leck Gamble Mallory & Natsis LLP
515 S. Figueroa Street, 9th Floor
Los Angeles, CA 90071-3309
Email: dzaro@allenmatkins.com
Email: tfates@allenmatkins.com
Email: thsu@allenmatkins.com
*Attorneys for Receiver Thomas A. Seaman*

Thomas A. Zaccaro, Esq. **(served by electronic mail only)**
Jenifer Q. Doan, Esq. **(served by CM/ECF only)**
Zacarro Morgan LLP
888 S. Figueroa Street, Suite 400
Los Angeles, CA 90071
Email: tzaccaro@zaccaromorgan.com
Email: jdoan@zacarromorgan.com
*Attorney for Non-Parties Jennifer Li Zhao and Ally Investors*