# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STEVE CHEN, *et al*.,<br><br>　　　　Defendants. | Case No.  CV15-07425 RGK (PLAx)<br><br>**ORDER AS TO STEVE CHEN** |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Securities and Exchange Commission's ("SEC" or "Commission") Motion for Summary Judgment ("Motion") As to Liability and Injunctive Relief Against Defendant Steve Chen ("Chen") came before the Court. The Court, having considered all of the evidence and arguments presented by the parties with regard to the SEC's Motion for Summary Judgment, the Memorandum of Points and Authorities and the other documents filed in support of the Motion for Summary Judgment, finds that:

**I.**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the SEC's Motion for Summary Judgment as to Liability and Injunctive Relief against Chen is GRANTED.

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Chen is permanently restrained and enjoined from violating Section 5(a) and (c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

A. unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

B. making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date ofthe registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Chen's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Chen or with anyone described in (a).

## III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Chen is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    A.    to employ any device, scheme, or artifice to defraud;

    B.    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Chen's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Chen or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Chen is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    A.    to employ any device, scheme, or artifice to defraud;

    B.    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Chen's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Chen or with anyone described in (a).

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. The Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

## VI.

1       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order.

      IT IS SO ORDERED.

Dated: December 8, 2016        _____

                                        HON. R. GARY KLAUSNER
                                        UNITED STATES DISTRICT JUDGE