1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.  CV 15-07425 (RGK)(GJSx) |
| Plaintiff, | [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT STEVE CHEN |
| vs. | |
| STEVE CHEN, et al., | |
| Defendants. | |

The Securities and Exchange Commission ("SEC") having filed a Complaint and Defendant Steve Chen ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VI); waived findings of fact and conclusions of law; and

1

1 waived any right to appeal from this Judgment:

2 **I.**

3   IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

4 Defendant is permanently restrained and enjoined from violating Section 5 of the

5 Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any

6 applicable exemption:

7   (a)   unless a registration statement is in effect as to a security, making

8   use of any means or instruments of transportation or

9   communication in interstate commerce or of the mails to sell such

10   security through the use or medium of any prospectus or

11   otherwise;

12   (b)   unless a registration statement is in effect as to a security, carrying

13   or causing to be carried through the mails or in interstate

14   commerce, by any means or instruments of transportation, any

15   such security for the purpose of sale or for delivery after sale; or

16   (c)   making use of any means or instruments of transportation or

17   communication in interstate commerce or of the mails to offer to

18   sell or offer to buy through the use or medium of any prospectus

19   or otherwise any security, unless a registration statement has been

20   filed with the SEC as to such security, or while the registration

21   statement is the subject of a refusal order or stop order or (prior to

22   the effective date of the registration statement) any public

23   proceeding or examination under Section 8 of the Securities Act

24   [15 U.S.C. § 77h].

25   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

26 provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

27 binds the following who receive actual notice of this Final Judgment by personal

28 service or otherwise:  (a) Defendant's officers, agents, servants, employees, and

1    attorneys; and (b) other persons in active concert or participation with Defendant or

2    with anyone described in (a).

## II.

4    IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

5    Defendant is permanently restrained and enjoined from violating Section 17(a) of the

6    Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale

7    of any security by the use of any means or instruments of transportation or

8    communication in interstate commerce or by use of the mails, directly or indirectly:

9        (a)    to employ any device, scheme, or artifice to defraud;

10       (b)    to obtain money or property by means of any untrue statement of a

11           material fact or any omission of a material fact necessary in order to

12           make the statements made, in light of the circumstances under which

13           they were made, not misleading; or

14       (c)    to engage in any transaction, practice, or course of business which

15           operates or would operate as a fraud or deceit upon the purchaser.

16   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

17   provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

18   binds the following who receive actual notice of this Final Judgment by personal

19   service or otherwise:  (a) Defendant's officers, agents, servants, employees, and

20   attorneys; and (b) other persons in active concert or participation with Defendant or

21   with anyone described in (a).

## III.

23   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

24   permanently restrained and enjoined from violating, directly or indirectly, Section

25   10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §

26   78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using

27   any means or instrumentality of interstate commerce, or of the mails, or of any

28   facility of any national securities exchange, in connection with the purchase or sale of

1   any security:

2        (a)    to employ any device, scheme, or artifice to defraud;

3        (b)    to make any untrue statement of a material fact or to omit to state a

4               material fact necessary in order to make the statements made, in the light

5               of the circumstances under which they were made, not misleading; or

6        (c)    to engage in any act, practice, or course of business which operates or

7               would operate as a fraud or deceit upon any person.

8       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

9   provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

10   binds the following who receive actual notice of this Final Judgment by personal

11   service or otherwise:  (a) Defendant's officers, agents, servants, employees, and

12   attorneys; and (b) other persons in active concert or participation with Defendant or

13   with anyone described in (a).

**IV.**

15       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

16   Defendant is jointly and severally liable with USFIA, Inc., Alliance Financial Group,

17   Inc., Amauction, Inc., Aborell Mgmt I, LLC, Aborell Advisors I, LLC, Aborell REIT

18   II, LLC, Ahome Real Estate, LLC, Alliance NGN, Inc., Apollo REIT I, Inc., Apollo

19   REIT II, LLC, Amkey, Inc., US China Consultation Association, and Quail Ranch

20   Golf Course, LLC (collectively, "the Entity Defendants") for disgorgement of

21   $51,209,257.66, which the Court finds represents profits gained as a result of the

22   conduct alleged in the Complaint, together with prejudgment interest thereon in the

23   amount of $3,790,742.34, and a civil penalty in the amount of $16,728,064 pursuant

24   to 15 U.S.C. §§ 77t(d)(2)(C), 78u(d)(3)(B)(iii), 80b-9(e)(2)(C).  Defendant and the

25   Entity Defendants shall satisfy this obligation by paying it to the SEC after entry of

26   this Final Judgment.

27       Defendant may transmit payment electronically to the SEC, which will provide

28   detailed ACH transfer/Fedwire instructions upon request.   Payment may also be

1   made directly from a bank account via Pay.gov through the SEC website at

2   http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified

3   check, bank cashier's check, or United States postal money order payable to the

4   Securities and Exchange Commission, which shall be delivered or mailed to

5   **Enterprise Services Center**

6   **Accounts Receivable Branch**

7   **6500 South MacArthur Boulevard**

8   **Oklahoma City, OK 73169**

9   and shall be accompanied by a letter identifying the case title, civil action number,

10  and name of this Court; Steve Chen as a defendant in this action; and specifying that

11  payment is made pursuant to this Final Judgment.

12          Defendant shall simultaneously transmit photocopies of evidence of payment

13  and case identifying information to the SEC's counsel in this action.  By making this

14  payment, Defendant relinquishes all legal and equitable right, title, and interest in

15  such funds and no part of the funds shall be returned to Defendant.

16          The SEC may enforce the Court's judgment for disgorgement and prejudgment

17  interest by moving for civil contempt (and/or through other collection procedures

18  authorized by law) at any time after 14 days following entry of this Final Judgment.

19  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28

20  U.S.C. § 1961.  The SEC shall hold the funds, together with any interest and income

21  earned thereon (collectively, the "Fund"), pending further order of the Court.

22          The SEC may propose a plan to distribute the Fund subject to the Court's

23  approval.  Such a plan may provide that the Fund shall be distributed pursuant to the

24  Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The

25  Court shall retain jurisdiction over the administration of any distribution of the Fund.

26  If the SEC staff determines that the Fund will not be distributed, the SEC shall send

27  the funds paid pursuant to this Final Judgment to the United States Treasury.

28          Regardless of whether any such Fair Fund distribution is made, amounts

ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the SEC's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the SEC directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this

proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated:  March 13, 2017

_____

UNITED STATES DISTRICT JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

3182564.1