**Link to 211**

NOTE: CHANGES MADE BY THE COURT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Western Division**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  vs.<br><br>STEVE CHEN, USFIA, INC., ALLIANCE FINANCIAL GROUP, INC., AMAUCTION, INC., ABORELL MGMT I, LLC, ABORELL ADVISORS I, LLC, ABORELL REIT II, LLC, AHOME REAL ESTATE, LLC, ALLIANCE NGN,INC.,  APOLLO REIT I, INC., APOLLO REIT II, LLC, AMKEY, INC,, US CHINA CONSULTATION ASSOCIATION, and QUAIL RANCH GOLF COURSE, LLC<br><br>    Defendants. | Case No.  CV 15-07425 (RGK)(GJSx)<br><br>**[~~PROPOSED~~] AMENDED FINAL JUDGMENT AS TO DEFENDANTS USFIA, INC.,  ALLIANCE FINANCIAL GROUP, INC., AMAUCTION, INC., ABORELL MGMT I, LLC, ABORELL ADVISORS I, LLC, ABORELL REIT II, LLC, AHOME REAL ESTATE, LLC, ALLIANCE NGN,INC., APOLLO REIT I, INC., APOLLO REIT II, LLC, AMKEY, INC,, US CHINA CONSULTATION ASSOCIATION, AND QUAIL RANCH GOLF COURSE, LLC** |

1

The Securities and Exchange Commission ("SEC") having filed a Complaint and Defendants USFIA, Inc., Alliance Financial Group, Inc., Amauction, Inc., Aborell Mgmt I, LLC, Aborell Advisors I, LLC, Aborell REIT II, LLC, Ahome Real Estate, LLC, Alliance NGN, Inc., Apollo REIT I, Inc., Apollo REIT II, LLC, Amkey, Inc., US China Consultation Association, and Quail Ranch Golf Course, LLC (collectively, "the Entity Defendants") having entered a general appearance; consented to the Court's jurisdiction over the Entity Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VII); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Entity Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) and (c), by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the **SEC** ~~Commission~~ as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of

1

the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Entity Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Entity Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

3182564.1

(b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Entity Defendants are liable, jointly and severally with each other, and with Steve Chen, for disgorgement of $135,598,118.47 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $9,811,646.50. The Entity Defendants' obligation to pay disgorgement and prejudgment interest will be deemed satisfied by the amounts collected by the court-appointed receiver to be set forth in the receiver's final report and accounting to the Court. At the request of the SEC, no civil penalty will be ordered against the Entity Defendants.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Entity Defendants' Consent is incorporated herein with the same force and effect as if fully set forth herein, and that the Entity Defendants shall comply with all of the undertakings and agreements set forth therein.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by the Entity Defendants, and further, any debt for disgorgement, prejudgment interest, ~~civil penalty~~ or other amounts due by the Entity Defendants under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by the Entity Defendants

of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: March 16, 2017

R. GARY KLAUSNER
United States District Judge

4

3182564.1